## HENRY YOUNG v. STATE.

No. A-4149.  Opinion Filed Dec. 22, 1923.
(220 Pac. 975.)

(Syllabus.)

**Appeal and Error—Judgment Supported by Evidence not Disturbed Because of Conflict Between Witnesses.** Where the evidence on the part of the state is sufficient to support the verdict and judgment, the judgment will not be disturbed on appeal solely because of conflicts between the testimony of witnesses for the state and of those for the defendant.

Appeal from District Court, Hughes County; John L. Coffman, Judge.

Henry Young was convicted of burglary in the second degree and sentenced to serve a term of two years in the penitentiary, and he appeals. Affirmed.

Anglin & Stevenson, for plaintiff in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

MATSON, P. J.  Plaintiff in error was convicted in the district court of Hughes county, of the crime of burglary in the second degree on an information charging that on or about the 19th day of March, 1921, he and his codefendant, Frank Henry, broke and entered the store building of one P. M. Parker, located in the town of Non, Hughes county, with intent to steal therefrom. Upon a trial to a jury the defendant Young was found guilty and punishment fixed as above stated. Judgment was rendered on the 19th day of July, 1921, and case-made and petition in error filed in this court on the 27th day of December, 1921.

But one question is raised in this appeal, to wit, the sufficiency of the evidence to sustain the verdict and judgment.

In this connection it is contended by counsel representing this defendant that there is an entire absence of evidence to show that the defendant entered the store building as charged in the information with any criminal intent.

We deem it unnecessary to enter into an extended discussion of the merits of this contention. The writer of this opinion has carefully read the entire transcript of the evidence in this case. The evidence on the part of the state discloses that this defendant and his codefendant, Frank Henry, were caught in the act of burglarizing Parker's store as charged in the information; that they practically confessed their guilt at the time and further showed the parties who caught them just how the burglary was effected.

They attempted to explain their conduct by claiming that one of the clerks in the store had agreed to open the store that night so that this defendant could get a pair of shoes that he had been looking at the afternoon before.

Any conflict in the evidence was for the jury to reconcile, if possible. If not, the jury was to determine whom to believe and whom to disbelieve. The evidence on the part of the state is clearly sufficient to support this judgment. Under repeated holdings of this court, therefore, the judgment will not be disturbed on appeal.

It is ordered that the judgment be, and the same is hereby, affirmed.

BESSEY and DOYLE, JJ., concur.